# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSIE WADE PHILLIPS,

    Plaintiff,

    v.

KEVIN HAAS, et al.,

    Defendants.

No. 2:19-CV-0201-TLN-DMC

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is defendants' unopposed motion to dismiss (ECF No. 13).

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff Jessie Wade Phillips' original complaint.[1] Plaintiff names the following as defendants: (1) Kevin Haas, a detective with the Chico Police Department; and (2) the Chico Police Department. See ECF No. 1, pg. 2. Plaintiff alleges:

> On April 23, 2016, my mentally ill neighbor smashed through my sliding glass door with a cement irrigation block. When I approached him and asked him to leave he proceeded to stab me several times and a struggle ensued. My fourteen year old son managed to call the police. After the suspect was detained and I was in the ambulance Detective Kevin Haas

---

[1] The caption of the complaint lists Jessie Wade Phillips and Jessie Seven Phillips as plaintiffs. See ECF No. 1, pg. 1. The complaint, however, identifies Jessie Wade Phillips as the only plaintiff. See id. at 2. No other plaintiffs are identified.

1

> took it upon himself to enter into my residence illegally search my bedroom where he found and seized contraband. I was issued a felony warrant for drug sells nine months later. After nearly three years of deliberation it was found that Detective Haas did in fact violate my fourth amendment rights and the evidence was then suppressed and the charges later dropped.

ECF No. 1, pg. 4.

Plaintiff states he is suing defendant Haas in his individual capacity only. See id. at 2. Plaintiff seeks compensatory and punitive damages. See id. at 5.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## III. DISCUSSION

In their unopposed motion to dismiss, defendants argue: (1) the entire action is barred by the applicable statute of limitations; and (2) plaintiff fails to state a claim against defendant Chico Police Department.[2] To the extent the court does not find these arguments dispositive of the entire action, defendants also seek an order striking plaintiff's request for punitive damages against defendant Chico Police Department and against defendant Haas in his

---

[2] Defendant also argues: (1) plaintiff has not alleged any harm to Jessie Seven Phillis was caused by a person acting under color of state law; (2) Jessie Seven Phillips lacks standing; and (3) plaintiff lacks standing to sue on behalf of Jessie Seven Phillips. Because Jessie Seven Phillips is not a party to this action, the court does not consider these arguments.

official capacity.[3]

### A. Statute of Limitations

In actions under 42 U.S.C. § 1983, the applicable statue of limitations is defined by the law of the state in which the action arose. See Owens v. Okure, 488 U.S. 235 (1989). Plaintiff alleges that the events giving rise to his lawsuit occurred in Chico, California. See ECF No. 1, pg. 4. Therefore, this action is governed by California's 2-year statute of limitations for personal injury actions found at California Code of Civil Procedure § 335.1. The cause of action accrued when plaintiff was aware of his claim. See Wallace v. Kato, 549 U.S. 384, 388 (2007). Here, plaintiff claims his constitutional rights were violated by an illegal search and seizure which occurred on April 23, 2016. See ECF No. 1, pg. 4.

According to defendants:

> Here, Plaintiff Jessie Wade Phillips alleges that on April 23, 2016, his mentally ill neighbor stabbed him several times after smashing through a glass sliding door in Plaintiffs' residence. (Complaint, Page 4, Sec. III (c)). After the suspect neighbor was detained, Plaintiffs claim that Hass entered Plaintiffs' residence illegally and conducted a protective sweep search of Plaintiff's bedroom. (Complaint, Page 4, Sec. III (c)).
> In *Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir. 1983), the court found that "where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs."
> In addition, under *Wallace* supra, accrual of Plaintiff's claims under §1983 occurs when the plaintiff had a complete and present cause of action and the plaintiff can file suit and obtain relief.
> Based on the facts provided in the complaint, Plaintiffs had a complete and present cause of action on April 23, 2016, the date of the alleged constitutional violation. Yet, Plaintiffs' complaint was filed approximately two (2) years and ten (10) months later, on February 1, 2019. This is beyond the statute of limitations applicable to § 1983 actions. Thus, Plaintiffs' Complaint should be dismissed with prejudice.

Defendants' argument, which is unopposed, is well-taken. The court finds that plaintiff's claim accrued on April 23, 2016, as alleged in the complaint. Applying the 2-year limitations period applicable to this action, plaintiff's complaint was due on or before April 23, 2018. Plaintiff's complaint, filed on February 1, 2019, is untimely and the entire action should be

---
[3] It is not necessary to consider defendants' argument concerning damages sought against defendant Haas in his official capacity because plaintiff specifically sues this defendant in his individual capacity only.

4

1 | dismissed with prejudice.

### B. Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Defendants argue:

> Here, Plaintiffs claim that Hass entered Plaintiffs' residence illegally and conducted a protective sweep search of Plaintiff's bedroom. (Complaint, Page 4, Sec. III (c)). The complaint does not contain any factual allegation sufficient to state a claim that the Department deprived Plaintiffs of any federal rights caused by its own policy, custom or practice as required under *Monell*.
> Simply put, Plaintiffs seek to hold the Department liable for Hass' alleged misconduct. *Monell* clearly establishes that in order to sue a governmental unit under § 1983, Plaintiffs must allege and show that action taken pursuant to official policy, custom or practice caused the alleged injury. This requirement is not present in the complaint. As such, Plaintiffs' claim for violation of 42 U.S.C. § 1983 against the Department should be dismissed.

This argument, which is also unopposed, is persuasive. It is clear from the face of the complaint that plaintiff does not allege his constitutional rights were violated as the result of implementation of some official policy, custom, or practice. Rather, plaintiff appears to allege the Chico Police Department is liable for the actions of its employee, defendant Haas. As defendants correctly note, defendant Chico Police Department may not be held liable under

§ 1983 for the actions of its employees.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' unopposed motion to dismiss (ECF No. 13) be granted and this action be dismissed in its entirety with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE